IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | |
|---|---|
| DJENE TRAORE<br>2623 E. Madison St.<br>Baltimore, MD 21205<br><br>    Plaintiff,<br><br>    v.<br><br>BALTIMORE POLICE DEPARTMENT,<br>COMMISSIONER MICHAEL<br>HARRISON, ROBERT QUICK,<br>JASMINE RIGGINS-GREEN, and<br>AMY GUEVARA in their individual and<br>official capacities.<br><br>601 East Fayette Street<br>Baltimore, Maryland 21202<br><br>    Defendants.<br>_____ | Case No. 1:20-cv-00793 _____<br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Djene Traore ("Plaintiff" or "Ms. Ms. Traore"), by and through her attorneys, Tonya Baña and David Baña, hereby brings this action against Defendants the Baltimore Police Department ("BPD" or the "Department"), Michael Harrison ("Mr. Harrison"), Robert Quick ("Mr. Quick" or "Lieutenant Quick"), Jasmine Riggins-Green ("Ms. Riggins-Green"), and Amy Guevara ("Ms. Guevara") (collectively, "Defendants"), to redress unlawful discrimination and retaliation in employment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"); Violations of federal rights 42 U.S.C. § 1983 et seq. ("Section 1983") and; Abuse of legal proceedings torts under Maryland law and in support thereof states as follows:

1

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action is brought pursuant to Title VII. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this District because the BPD is located in this District, and the unlawful acts alleged were committed within the District.

## PARTIES

3. Plaintiff Djene Traore (Black) is a resident of Baltimore and was a civilian (non-officer) policy analyst for Defendant BPD from August 2017 to April 3, 2019.

4. Defendant Baltimore Police Department is an agency of the State of Maryland and a municipal police force with jurisdiction covering the City of Baltimore. The Department's police power is conferred by the Mayor and City Council of Baltimore pursuant to the Baltimore City Charter.

5. Defendant Commissioner Michael Harrison is the Commissioner of Defendant BPD.

6. Defendant Robert Quick was at all relevant times a Lieutenant with Defendant BPD and Plaintiff's Supervisor.

7. Defendant Jasmine Riggins-Green was at all relevant times a sworn officer with Defendant BPD.

8. Defendant Amy Guevara was at all relevant times Director of Human Resources for Defendant BPD.

## ADMINISTRATIVE PREREQUISITES

9. Ms. Traore has satisfied all administrative and procedural prerequisites and conditions precedent to bringing an action pursuant to Title VII by timely filing a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on October 11, 2019. She subsequently filed an amendment to her charge on May 7, 2020 regarding the allegations of discrimination and retaliation set forth in this Complaint.

10. The BPD submitted a position statement responding to the Charge on or about August 27, 2021.

11. Neither Ms. Traore, nor her counsel received a Dismissal and Notice of Rights from the EEOC in the mail.

12. On February 4, 2022, Ms. Traore's counsel received an electronic copy of her EEOC Dismissal and Notice of Rights.

## FACTS COMMON TO ALL COUNTS

13. Ms. Traore was employed by BPD as a Policy Analyst from August 2017 to April 3, 2019.

14. She initially worked under the supervision of Defendant Lieutenant Robert Quick (White).

15. In late 2017, Ms. Traore pointed out that Lieutenant Quick was giving her less challenging work than her White counterparts.

16. Thereafter, Lieutenant Quick's demeanor towards Ms. Traore became cold and he stopped communicating with her.

17. In or around January 2018, Ms. Traore made internal complaints to the unit's first line supervisor Sergeant Alicia White and Lieutenant Quick's supervisor Major Martin Bartness (White) reporting Lieutenant Quick's racially discriminatory and retaliatory behavior.

18. Ms. Traore was then transferred to a less desirable assignment and no disciplinary action was taken against Lieutenant Quick.

19. In March 2019, Ms. Traore was placed under investigation for allegedly violating a policy prohibiting employees from having contact with individuals of "questionable character" for visiting her husband who is an inmate at the Maryland House of Corrections.

20. On April 3, 2019, Ms. Traore was discharged. Defendant Ms. Guevara, Ms. Riggins-Green, and Lieutenant Quick all substantially took part in the process to terminate Ms. Traore's employment.

21. Following her discharge, BPD refused to pay out her accrued but unused comp time and submitted false and incomplete information to Maryland Department of Labor, Division of Unemployment Insurance, which resulted in the initial denial of her application, forced her to file an appeal, and delayed her benefits.

22. In May 2019, Lieutenant Quick directed Ms. Traore's former coworker and Defendant Jasmine Riggins-Green to file a petition for peace order with the court falsely claiming that she was a threat.

23. Upon information and belief, Commissioner Harrison and Ms. Guevara also conspired with Quick and Riggins-Green to file a false peace order against Mr. Traore.

24. On May 3, 2019, Ms. Riggins-Green filed a bogus petition for peace order in the District Court for Baltimore City.

25. BPD personnel then spread false rumors about Ms. Traore claiming that she was a dangerous fugitive and/or a criminal suspect by, among other things, circulating her photo to security personnel in all of the districts and at City Hall and stating that she was banned from all City buildings, issuing a "BOLO" or "be on the lookout" to all officers representing that Ms. Traore was a threat to the department, sending sheriffs and detectives to her home and/or the homes of her family members and/or tenants, and making false and defamatory statements to family members and others asserting that a warrant had been issued for her arrest.

26. Ms. Traore was told that she was discharged for failing to disclose the relationship with her husband and falsely denying that she had visited him. However, she disclosed this information during the hiring process and never denied the visits.

27. In addition, BPD has not discharged other employees whose family members are incarcerated.

28. On May 31, 2019, the bogus peace order proceedings terminated in Ms. Traore's favor.

**COUNT I—DISCRIMINATION AND RETALIATION
IN VIOLATION OF TITLE VII AGAINST BPD ONLY**

29. Ms. Traore repeats and incorporates by reference the allegations of paragraphs 1 through 28 of the Complaint as if they were set forth in full herein.

30. The BPD discriminated against Ms. Traore by treating her differently and less favorably than similarly situated White employees and retaliating against her for

5

opposing unlawful discrimination by, among other things, subjecting her to disparate treatment that ultimately culminated in her discharge in violation of Title VII.

31. The BPD's proffered reasons for the differential treatment and adverse actions alleged in this Complaint are false and pretextual.

32. As a direct result of the BPD's discriminatory and retaliatory conduct, Ms. Traore has incurred substantial damages, including, but not limited to, lost wages and benefits, emotional harm, anguish and humiliation, and attorney's fees and costs.

33. Because of the BPD's discriminatory and retaliatory conduct, Ms. Traore is entitled to all legal and equitable remedies available under Title VII.

### COUNT II—VIOLATIONS OF FEDERAL RIGHTS 42 U.S.C. § 1983 et seq. AGAINST HARRISON, QUICK, RIGGINS-GREEN, AND GUAVERA

34. Ms. Traore repeats and incorporates by reference the allegations of paragraphs 1 through 33 of the Complaint as if they were set forth in full herein.

35. Defendants violated Plaintiff's federal right to be free from discrimination based on race in the making and enforcement of contracts.

36. As a direct result of the BPD's discriminatory and retaliatory conduct, Ms. Traore has incurred substantial damages, including, but not limited to, lost wages and benefits, emotional harm, anguish and humiliation, and attorney's fees and costs.

37. Because of the BPD's discriminatory and retaliatory conduct, Ms. Traore is entitled to all legal and equitable remedies available under § 1983 including punitive damages.

### COUNT III – MALICIOUS PROSECUTION; MALICIOUS USE OF PROCESS; ABUSE OF PROCESS AGAINST ALL DEFENDANTS

38. Ms. Traore repeats and incorporates by reference the allegations of paragraphs 1 through 37 of the Complaint as if they were set forth in full herein.

39. Defendants improperly instituted a proceeding against Plaintiff without probable cause, in a manner not contemplated by law, in an effort to satisfy an ulterior motive, and with malice.

40. The proceedings terminated in the Plaintiff's favor.

41. The Plaintiff suffered damages as a result of the institution of the bogus proceeding.

42. Plaintiff seeks punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Traore respectfully requests the following relief:

A. A declaratory judgment that the BPD has discriminated and retaliated against Ms. Traore in violation of Title VII, that all individual Defendants violated her rights under § 1983, and that all Defendants committed tortious acts against the Plaintiff in violation of Maryland law;

B. An award of back pay, lost benefits, and other damages for lost compensation and job benefits and other monetary losses suffered by Ms. Traore in an amount to be determined at trial;

C. An award of compensatory damages for emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life;

D. An award of litigation costs and expenses, including reasonable attorney's fees and reasonable expert witness fees;

E. Pre-judgment and post-judgment interest; and

F.	Such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Date:  April 2, 2022								Respectfully Submitted,


					_____/s/_____

					TONYA BAÑA (27326)
					Tonya Bana LLC
					DAVID BAÑA (21292)
					Law Office of David Baña, Esq.
					4305 Saint Paul Street
					Baltimore, MD  21218
					Tel.: (443) 890-8000
					Fax: (410) 670-7573
					tonya@tonyabana.com
					david@davidbana.com

					*Attorneys for Plaintiff*